STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-14-18

PORTER HOLDINGS, INC.

Appellant,

v.                                                  **ORDER**

TOWN OF YORK, MAINE,

Respondent,

ROBERT & ROBIN RUBIN,

Parties-in-interest.

This action concerns a Rule 80B appeal from a decision of the Town of York to grant Robert and Robin Rubin a conditional use permit to operate a dog daycare and boarding business out of their home. Porter Holdings and the Town of York have agreed to voluntarily dismiss the case, but the Rubins wish to proceed pursuant to Maine's anti-Strategic Lawsuit Against Public Participation ("SLAPP") statute, 14 M.R.S. § 556.

"Maine's anti-SLAPP statute has provided a mechanism for the disposal of baseless claims brought to punish or deter a petitioning party from exercising its constitutional right to petition the government." *Town of Madawaska v. Cayer*, 2014 ME 121, ¶ 2, 103 A.3d 547. The statute protects First Amendment rights by granting the party

1

who has petitioned the government the ability to file a special motion to dismiss. *Schelling v. Lindell*, 2008 ME 59, ¶ 6, 942 A.2d 1226.

Maine's anti-SLAPP statute may not be employed to dismiss an action brought by a municipality to enforce zoning laws. *Cayer*, 2014 ME 121, ¶ 11, 103 A.3d 547. In *Cayer*, landowners asserted that the Town of Madawaska had brought a zoning enforcement action to punish or deter their participation in petitioning local government. The landowners lost their appeal at the Zoning Board of Appeals and appealed to the Superior Court pursuant to Rule 80B. In holding that anti-SLAPP did not apply, the Law Court stated: "zoning disputes make up many of the classic anti-SLAPP cases, the context for such cases has generally occurred when citizens who publically oppose development projects are sued by companies or other citizens, rather than by a government entity alleging violation of a land use ordinance." *Id.* ¶ 13.

*Cayer* stands for two propositions that apply here. First, anti-SLAPP cannot be used to stay a municipality's hand in matters of zoning enforcement. Second, the party asserting the anti-SLAPP claim must have actually been sued. This is because the whole purpose of the statute is to protect defendants from costly litigation employed for the purpose burdening First Amendment rights. *Lindell*, 2008 ME 59, ¶ 6, 942 A.2d 1226. ("The anti-SLAPP statute provides defendants who are the targets of such suits with a 'special motion to dismiss,' a statutory motion designed to minimize the litigation costs associated with the defense of such meritless suits.") Here, the Rubins voluntarily became parties-in-interest to this case after prevailing at the Zoning Board of Appeals. The Town of York shouldered the burden to defend the ZBA decision in this court. The Rubins therefore cannot avail themselves of 14 M.R.S. § 556.

2

Even if the Rubens could proceed under the anti-SLAPP statute, the parties have agreed to voluntarily dismiss the action. A special motion to dismiss would be moot because there is no live case to dismiss.

The entry shall be:

The motion under 14 M.R.S. § 556 is DENIED.

SO ORDERED.

DATE: April 2 2015

John O'Neil, Jr.
Justice, Superior Court

AP-14-18

ATTORNEY FOR PLAINTIFF:
MATTHEW W HOWELL
CLARK & HOWELL LLC
P O BOX 545
YORK ME  03909

ATTORNEY FOR DEFENDANT:
MARY E COSTIGAN
BERNSTEIN SHUR
P O BOX 9729
PORTLAND ME  04104

PII PRO SE:
ROBERT & ROBIN  RUBIN
37 PAUL STREET
P O BOX 441
YORK BEACH ME  03910